UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| RICARDO MCKEYTHON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No.  05-0749 (EGS) |
| ) | Doc. No.           6 |
| CHARLES COBB, *et al.* ) | |
| ) | |
| Defendants. ) | |

MEMORANDUM OPINION

Plaintiff's two sons are serving sentences for second-degree murder to which they pleaded guilty in the Superior Court of the District of Columbia.  Plaintiff sues the prosecuting attorney, Assistant United States Attorney Charles Cobb, for allegedly withholding crucial information that he contends would have changed the outcome of the case.  Plaintiff seeks $25,500 in damages.  Defendant Cobb moves to dismiss the complaint pursuant to Fed. R. Civ. P. 8, 12(b)(1) and (b)(6).[1]  He asserts, among other grounds, that he is absolutely immune from this lawsuit and that plaintiff lacks legal standing to challenge his adult sons' convictions. Defendant is correct on both points.

"In order to have standing to sue in federal court, Article III of the Constitution of the United States requires that a complainant have suffered an injury in fact, which the Supreme Court has defined as the invasion of a concrete, imminent, and legally cognizable interest." *Sargeant v. Dixon*, 130 F.3d 1067, 1069 (D.C. Cir. 1997) (citing *Lujan v. Defenders of*

---

[1]   On July 6, 2005, the Court granted leave for plaintiff to file an amended complaint, adding two defendants, Danny C. Onorato and Billy Ponds.  Each defendant has filed a dispositive motion as to the respective claims against him.  The resolution of the pending motion has no bearing on the claims against these defendants.

*Wildlife*, 504 U.S.555, 560-61, 573 n.8 (1992)).  Standing also requires that the alleged injury in fact is "likely" to be "redressed by a favorable decision."  *Public Citizen v. Carlin*, 2 F. Supp.2d 1, 5 (D.D.C. 1997) (quoting *National Treasury Employees Union v. United States*, 101 F.3d 1423,1427 (D.C. Cir. 1996)).  Plaintiff's apparent grief over his sons' imprisonment resulting from their guilty pleas is not sufficient to establish his legal standing to maintain this lawsuit against defendant Cobb.

As for defendant's claim of immunity,  "[c]ourts have extended absolute immunity to a wide range of persons playing a role in the judicial process," including prosecutors.  *Wagshal v. Foster*, 28 F.3d 1249, 1252 (D.C. Cir.1994) (*Imbler v. Pachtman*, 424 U.S. 409, 430, 96 S.Ct. 984, 994-95, 47 L.Ed.2d 128 (1976)).  In *Imbler*, the Court held "that in initiating a prosecution and in presenting the State's case, the prosecutor is immune from a civil suit for damages under [42 U.S.C.] § 1983."  *Id.*, 424 U.S at 421.  Although plaintiff initially claimed that defendant withheld information, he suggests the opposite in his opposition.  *See* Pl.'s Opp. at 1 ("the defendant simply told plaintiff with precision and accuracy THE TRUTH which plaintiff was alleging all the while, that his two sons did not act alone . . . .") (emphasis in original).  In any event, plaintiff's claim, such that it is, is based on acts or omissions defendant allegedly took in his capacity as the prosecuting attorney.  Under such circumstances, defendant is shielded from all liability.

Accordingly, defendant Cobb's motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(1) is granted.  A separate Order accompanies this Memorandum Opinion.

SIGNED:     EMMET G. SULLIVAN<br>UNITED STATES DISTRICT JUDGE

DATE: February 16, 2006