UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| RICARDO MCKEYTHON, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>CHARLES COBB, *et al.* )<br>)<br>Defendants. )<br>) | Civil Action No.  05-0749 (EGS)<br>Doc. Nos.         17, 26 |

MEMORANDUM OPINION

Plaintiff's two sons are serving sentences for second-degree murder to which they pleaded guilty in the Superior Court of the District of Columbia.  In his amended complaint, plaintiff sues his sons' defense counsel, Danny C. Onorato and Billy Ponds, for allegedly providing no defense representation.  *See* Amended Complaint [Doc. No. 5].  Plaintiff seeks $10 million in damages. *Id*. at 5.  Each defendant has moved to dismiss the complaint pursuant to Fed. R. Civ. P. 8, 12(b)(1) and (b)(6) or for summary judgment pursuant to Fed. R. Civ. P. 56.[1]  Defendants assert, among other grounds, that plaintiff lacks standing to challenge their representation of his adult sons.  Upon consideration of the parties' submissions and the entire record, the Court agrees that plaintiff lacks standing and therefore will grant the motion brought under Rule 12(b)(1) for lack of subject matter jurisdiction.  *See Haase v. Sessions*, 835 F.2d 902, 906 (D.C. Cir. 1987) ("The defect of standing is a defect in subject matter jurisdiction.").

---

[1]  By Order of February 16, 2006, the Court dismissed the complaint against the only other party-defendant, Assistant United States Attorney Charles Cobb.

2

"In order to have standing to sue in federal court, Article III of the Constitution of the United States requires that a complainant have suffered an injury in fact, which the Supreme Court has defined as the invasion of a concrete, imminent, and legally cognizable interest." *Sargeant v. Dixon*, 130 F.3d 1067, 1069 (D.C. Cir. 1997) (citing *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560-61, 573 n.8 (1992)).  Standing also requires that the alleged injury in fact is "likely" to be "redressed by a favorable decision."  *Public Citizen v. Carlin*, 2 F. Supp. 2d 1, 5 (D.D.C. 1997) (quoting *National Treasury Employees Union v. United States*, 101 F.3d 1423, 1427 (D.C. Cir. 1996)).  Plaintiff has not shown that he retained either counsel to represent his sons, thereby establishing a contractual relationship.  Nor has plaintiff shown that he had an attorney-client relationship with either defendant from which a duty was owed to him.  He therefore cannot establish that he suffered an injury in fact as legally defined.  Plaintiff's grief and perhaps anger over what he perceives as inadequate legal representation of his sons simply is not enough to establish his standing to sue.

For the foregoing reasons, the Court grants the remaining defendants' motions to dismiss and will now dismiss the case.  A separate Order accompanies this Memorandum Opinion.

    SIGNED:    EMMET G. SULLIVAN
    UNITED STATES DISTRICT JUDGE

DATE: April 13, 2006